UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

OSCAR VALVIS,

Plaintiff,

v.

BUREAU OF ALCOHOL,
TOBACCO, FIREARMS and EXPLOSIVES,
And
MIAMI-DADE COUNTY,

Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, OSCAR VALVIS ("Mr. VALVIS"), by and through undersigned counsel, sues Defendants, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES (hereinafter "ATF"), a federal law enforcement agency and MIAMI-DADE COUNTY (hereinafter "MIAMI-DADE"), a governmental division of the State of Florida and in support thereof states as follows:

**INTRODUCTION**

1. This action arises out of the serious and permanent injuries sustained by Mr. VALVIS when he was the victim of a significant car crash caused by the negligence of Defendants ATF and MIAMI-DADE.

2. This Honorable Court has subject matter jurisdiction over the claims made against ATF in this lawsuit pursuant to 28 USC 1346, 1402 and 2401.

3. Likewise, this Court has jurisdiction pursuant to §768.28 Fla. Stat for the claims made

against MIAMI-DADE.

4. This is an action for damages in excess of the jurisdictional limits of this Court.

5. Plaintiff has complied with all conditions precedent to this action. Specifically, pursuant to § 768.28(6)(a), Florida Statutes, notices of the state law claims were delivered to Defendants, the COUNTY with the required copies delivered to the State of Florida Department of Financial Services. More than six months have elapsed since the delivery of these notices.

6. Additionally, Plaintiff has complied with all conditions precedent for the claims against ATF pursuant to 28 USC 1346, 1402 and 2401.

## THE PARTIES

7. At all times material hereto, Mr. VALVIS, was a resident of Miami-Dade County, FL and is otherwise *sui juris*.

8. Defendant, MIAMI DADE, is a governmental subdivision of the State of Florida. MIAMI-DADE operates controls and oversees the Miami Dade Police Department, its police officers, employees, agents and representatives including but not limited to the officer, Frank L. Williams, III, (hereinafter "Officer WILLIAMS") who was acting in his official capacity as Miami-Dade police officer at all material times and was involved in the car crash which is the subject matter of this lawsuit.

9. At all times material hereto, Defendant, ATF is a federal law enforcement agency acting under the direction and purview of the United States Department of Justice and oversees its officers, employees, agents and representatives including but not limited to, Pedro E. Bigorra (hereinafter "Agent BIGORRA") who was acting in his official

capacity as ATF agent at all material times and was involved in the car crash that is the subject matter of this lawsuit.

## FACTS COMMON TO ALL COUNTS

10. On August 26, 2020, Mr. VALVIS was riding a motorcycle westbound and stopped in the center lane of NW 36th Street at the intersection of NW 42nd Avenue in Miami-Dade County for a red light.

11. On August 26, 2020, Defendant, MIAMI-DADE, by and through Officer WILLIAMS, was driving a 2017 Ford Taurus bearing Florida vehicle tag number TG6216 owned by Defendant MIAMI-DADE, in the center lane of westbound NW 36th Street approaching the intersection of NW 42nd Avenue. Officer WILLIAMS was following a prisoner transport with lights and sirens on.

12. On August 26, 2020, Defendant ATF, by and through Agent BIGORRA, was driving a 2018 Ford Fusion bearing vehicle tag number IN8N75 owned by Defendant ATF, southbound on NW 42nd Avenue crossing the intersection of NW 36th Street in the center lane at a high rate of speed.

13. Mr. VALVIS, noticing that he was impeding the passage of the prisoner transport which had its emergency signals on, proceeded to slowly drive the motorcycle he was riding out of the way.

14. As Mr. VALVIS attempted to make room for the emergency vehicle to pass, the vehicle Officer WILLIAMS was driving proceeded into the intersection while the light was red.

15. Agent BIGORRA, was travelling at a high rate of speed entered the intersection while

Officer WILLIAMS was traversing same and crashed into him at a high rate of speed.

16. The impact of the collision was so great that Officer WILLIAMS vehicle crashed into Mr. VALVIS and the motorcycle he was driving.

17. As a result of the collision, Mr. VALVIS suffered significant injuries which required that he be transported to Ryder Trauma Center at Jackson Memorial Hospital in critical condition from the scene.

## COUNT I – NEGLIGENCE AGAINST MIAMI-DADE COUNTY

18. Plaintiff re-alleges paragraphs 1 through 17 of the allegations as though fully set forth herein.

19. On or about August 26, 2020, Defendant MIAMI-DADE, by and through its employee/agent, Officer Williams carelessly and negligently operated or maintained the vehicle owned by MIAMI-DADE, at or near N.W. 42nd Avenue and N.W. 36th Street Miami, Florida, so that it crashed into the Plaintiff, Mr. VALVIS who was riding a motorcycle.

20. On or about August 26, 2020, Defendant MIAMI-DADE by and through its agent/employee, Officer Williams, owed a duty to exercise reasonable care in the ownership, operation, maintenance, control and/or use of the 2017 Ford Taurus bearing Florida vehicle tag number TG6216.

21. As a result, Plaintiff, OSCAR VALVIS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing

condition.

22. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT II – NEGLIGENCE AGAINST BUREAU OF ALCOHOL, TOBACCO, FIREARMS and EXPLOSIVES

23. Plaintiff re-alleges paragraphs 1 through 17 of the allegations as though fully set forth herein.

24. On or about August 26, 2020, Defendant ATF, by and through its employee/agent, Agent Bigorra carelessly and negligently operated or maintained a motor vehicle owned by ATF, at, or near N.W. 42nd Avenue and N.W. 36th Street Miami, Florida, so that it crashed into the Plaintiff, Mr. VALVIS who was riding a motorcycle.

25. On or about August 26, 2020, Defendant ATF by and through Agent Bigorra, ATF owed a duty to exercise reasonable care in the ownership, operation, maintenance, control and/or use of the 2018 Ford Fusion bearing Florida vehicle tag number IN8N75.

26. As a result, Plaintiff, OSCAR VALVIS, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.

27. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable by jury as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served on all counsel of record or pro se parties on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

THE BENNETT LAW CENTER
*Attorneys for Plaintiff*
3377 S.W. 3rd Avenue
Miami, Florida 33145
Tel.  (305) 648-2255
Fax: (305)648-2256
service@sblawcenter.com
scott@sblawcenter.com


By:  /s/ Scott B, Bennett /s/
SCOTT B. BENNETT, ESQ.